1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10

JOHN E. BARNHOUSE,

                Plaintiff,

11

        v.

12

JOHN DOES,

13

                Defendants.

14

CASE NO.  C09-5154 RJB-JRC

ORDER GRANTING
PLAINTIFF'S MOTION FOR AN
EXTENSION OF TIME TO
DSICOVER NAMES OF JOHN
DOES AND EXHAUST
ADMINISTRATIVE REMEDIES

15
16
17

     The Court, having reviewed plaintiff's motion for an extension of time and the balance of

18

the record, does hereby find and ORDER.

19

    (1)     Plaintiff's Complaint names three or more individual defendants who allegedly

20

used excessive force in violation of Plaintiff's federal civil and constitutional rights.  Plaintiff

21

seeks time to learn the names of these individuals, presumably to amend the complaint and to

22

seek service of summons and copies of the forthcoming amended complaint on those

23

identified.  In addition, Plaintiff asks for time to pursue administrative remedies (presumably,

24

filing and pursuing a remedy through the prison grievance process).

25

26

    (2)     The court should allow claims against an unknown defendant to be amended to

identify the defendant when his identity is discovered. *See, e.g.,* <u>Pullman Co. v. Jenkins</u>, 305

U.S. 534, 536-37 (1939); Local Trademarks, Inc. v. Price, 170 F.2d 715, 717 (5th Cir.1948).

The amendment, however, either must be made within the applicable limitations period or must relate back to the date of the original complaint; otherwise, it will be time-barred. Rule 15(c) provides in relevant part:

> An amendment of a pleading relates back to the date of the original pleading when ... within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c). The time period allowed by Rule 4(m) for service of the summons and complaint is 120 days after the filing of the complaint. *See* Fed.R.Civ.P. Rule 4(m). As interpreted by courts, Rule 15(c) " 'is meant to allow an amendment changing the name of a party to relate back to the original complaint only if the change is the result of error, such as a misnomer or misidentification.' " Jacobsen v. Osborne, 133 F.3d 315, 320 (5th Cir.1998) (*quoting* Barrow v. Wethersfield Police Dept., 66 F.3d 466, 469 (2d Cir.1995), *modified by* 74 F.3d 1366 (2d Cir.1996)).

(3) The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court. The relevant portion of the Act states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Here, Plaintiff is admitting that he has not yet pursued his administrative remedies. While the court may dismiss the matter outright, the undersigned finds that if the grievance

1   process can be concluded within a short period of time it would be beneficial to both the

2   court and the parties to allow the matter to proceed.  However, if Plaintiff cannot pursue his

3   remedies within a short period of time, the matter will be dismissed without prejudice.

4           Accordingly, Plaintiff's motion is **GRANTED**.  Plaintiff shall have 60 days to learn the

5   names of the John Doe defendants and seek resolution of his available administrative remedy

6   to this Complaint.  An amended complaint should be filed by no later July 8, 2009.

7           DATED this 5th day of May, 2009.

8

9

10

11                                            J. Richard Creatura
                                            United States Magistrate Judge

12

ORDER - 3