UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN E. BARNHOUSE,

        Plaintiff,

   v.

JOHN DOES,

        Defendants.

CASE NO. C09-5154RJB

ORDER

This matter is before the court on several motions, pleadings, and/or letters filed by plaintiff, including a motion and later request for additional time to complete the grievance process (Docs. 11, 29), a motion for appointment of counsel (Doc. 14), an application to proceed in forma pauperis (Doc. 18), and a motion for leave to file an amended complaint (Doc. 19). The Court, having reviewed plaintiff's pleadings and the balance of the record, finds and orders the following.

1. On May 4, 2009, the court granted plaintiff leave to proceed in forma pauperis, and the next day the court reviewed the underlying Complaint along with a motion for an extension of time. Plaintiff explained in that motion that the grievance process had not yet been completed and he asked the court for time to resolve his administrative remedies. Plaintiff also explained

ORDER - 1

that additional time would allow him the opportunity to discover the identities of certain "Doe" defendants.

This court previously granted plaintiff's motion for extension of time for an additional 60 days. (Doc. 10) The court explained that the Prison Litigation Reform Act ("PLRA") required exhaustion of administrative remedies prior to filing a complaint in federal court. 42 U.S.C. §1997e(a). The court also advised plaintiff that if the administrative process was not resolved within this period of time, the matter could be dismissed. Accordingly, plaintiff was directed to file an amended complaint by no later than July 8, 2009. (*See* Doc. 10.)

2. On June 30, 2009, plaintiff filed another motion for additional time to file his amended complaint (Doc. 11). On July 8, 2009, plaintiff filed an Amended Complaint (Doc. 12). Therefore, this new motion for additional time is DENIED, as moot.

3. In addition, plaintiff sent a proposed order requesting injunctive relief (Doc. 13), and sent a similar pleading to the court clerk on July 29, 2009 (Doc. 24). With respect to both of these pleadings, plaintiff did not file a motion or memorandum in support of the proposed order for injunctive relief. In addition, there is no proof that the request for injunctive relief was properly served on defendants. Motions brought before the court must comply with the Federal Rules of Civil Procedure, particularly Rule 5, which requires service of motions on every party. Because the pleadings did not comply with Fed. R Civ. P. 5 and were not served on every party, the clerk is directed to strike these pleadings from the court's motion calendar.

If plaintiff is seeking injunctive relief, he must file an appropriate motion, memorandum to support his request, along with a proposed order and the motion must be served on all parties.

3. In addition to the above pleadings, on July 8, 2009, plaintiff filed a motion for appointment of counsel. Plaintiff has failed to show the court that this motion was properly

served on defendants, and for this reason alone the court DENIES the motion. Additionally, the court notes that there is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court can request counsel to represent a party, 28 U.S.C. § 1915(e) (1), the court may do so only in exceptional circumstances. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Wilborn, 789 F.2d at 1331.

Plaintiff has not demonstrated any exceptional circumstances, i.e., he has failed to show a likelihood of success on the merits of his claims and he has demonstrated an adequate ability to articulate his claims *pro se.* Accordingly, for this reason, as well, the motion to appoint counsel (Doc. 14) is DENIED.

4. On July 8, 2009, plaintiff filed a second application to proceed in forma pauperis (Doc. 18). The court has already granted plaintiff's previous application, and thus, this second application is DENIED, as moot.

5. On July 28, 2009, plaintiff filed a motion for leave to file an amended complaint (Doc. 19). Plaintiff explains that another amended complaint is needed to add the identity of a "Doe" defendant. The court notes that on the following day, the court received and filed plaintiff's Second Amended Complaint (Doc. 22).Rule 15(a) of the Federal Rules of Civil Procedure states that a party may amend its pleading once as a matter of course before being served with a responsive pleading, but that in all other cases leave of court is required. Fed. R. Civ. P. 15(a). Therefore, the court GRANTS plaintiff's motion for leave to file his Second Amended Complaint (Doc. 22).

6. Having reviewed the Second Amended Complaint the court will direct the clerk to serve the pleading, **but not until** plaintiff provides sufficient copies of the Second Amended Complaint, along with appropriate summonses and marshal's forms for each of the named defendants. **Plaintiff must provide the clerk with these documents by no later than October 14, 2009**, otherwise the court will recommend dismissal of this matter for lack of prosecution.

7. The clerk is directed to send plaintiff a copy of this order, along with a copy of the magistrate judge's general order.

DATED this 2nd day of September, 2009.

/s/ J. Richard Creatura

J. Richard Creatura
United States Magistrate Judge