UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN E. BARNHOUSE,<br><br>                Plaintiff,<br>    v.<br><br>ELDON VAIL, et al.,<br><br>                Defendants. | No. C09-5154 RJB/KLS<br><br>ORDER DENYING SEVENTH MOTION FOR THE APPOINTMENT OF COUNSEL |

Before the court is Plaintiff's seventh motion for the appointment of counsel. Dkt. 99. Plaintiff's six previous motions for counsel (Dkts. 14, 40, 43, 44, 56, and 60) were denied. (Dkts. 34 and 64).

*DISCUSSION*

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.) To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and]

ORDER DENYING MOTION FOR COUNSEL - 1

the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525. Moreover, the need for discovery does not necessarily qualify the issues involved as "complex." *Wilborn,* 789 F.2d at 1331. Most actions require development of further facts during litigation. But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues. *Id.*

In his latest motion, Plaintiff states that he should be appointed counsel because he is unable to afford counsel, his imprisonment will greatly limit his ability to litigate, the issues are complex, he has limited access to the law library and counsel would be better equipped to present evidence and cross-examine witnesses and that he has made repeated, but unsuccessful attempts to find counsel. Dkt. 99, p. 2.

Plaintiff's indigency, inability to obtain counsel and lack of legal skills are not exceptional circumstances which warrant the appointment of counsel. Plaintiff has demonstrated an adequate ability to articulate his claims *pro se*. Plaintiff has not demonstrated that the issues involved in this case are complex or that he has had any difficulties in expressing them. Plaintiff has also not shown a likelihood of success on the merits beyond his conclusory allegations that his case has merit.

ORDER DENYING MOTION FOR COUNSEL - 2

In addition, motions for reconsideration are disfavored and will ordinarily be denied in the "absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to the court's attention earlier with reasonable diligence." Local Rule CR 7(h)(1). Mr. Barnhouse has identified no error in the Court's previous orders denying him counsel, nor has he presented any new facts or legal authority that suggest reconsideration is appropriate.[1]

The Court is also troubled by Plaintiff's repeated motions that fail to address the legal standard for appointment of counsel. Under Rule 11 of the Federal Rules of Civil Procedure, Plaintiff's signature on a pleading is an indication that a motion is brought in good faith and is not designed to needlessly increase the cost of litigation. The Court accepts that this latest motion was brought in good faith. However, Plaintiff is warned that future motions should address the proper legal standard for the Court's consideration. Failure to do so may result in sanctions, which may include costs, monetary sanctions, and possibly dismissal of this action.

Accordingly, Plaintiff's seventh motion to appoint counsel (Dkt. 99) is **DENIED**. The Clerk is directed to send copies of this Order to Plaintiff.

DATED this  8th  day of March, 2010.

Karen L. Strombom
United States Magistrate Judge

---

[1] Pursuant to CR 7(h)(2), a motion for reconsideration shall be filed within ten judicial days following the order to which it relates. The last order denying Mr. Barnhouse's request for the appointment of counsel was entered on November 4, 2009. Dkt. 64. Therefore, his motion for reconsideration is not timely and may be denied on that basis alone.

ORDER DENYING MOTION FOR COUNSEL - 3